People v Branch (2025 NY Slip Op 50889(U))

[*1]

People v Branch (Derrick)

2025 NY Slip Op 50889(U)

Decided on June 3, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 3, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570412/18

The People of the State of New York, Respondent,
against
Derrick Branch, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered February 27, 2018, after a nonjury trial, convicting him of aggravated unlicensed operation of a motor vehicle in the second degree and driving while impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered February 27, 2018, affirmed. 
The misdemeanor information charging driving while impaired (see Vehicle and Traffic Law [VTL] § 511 [1]) and aggravated unlicensed operation of a motor vehicle in the second degree (see VTL § 511 [2] [a] [iv]) was jurisdictionally valid because it set forth "nonhearsay allegations which, if true, establish every element of the offenses charged and the defendant's commission thereof" (People v Wheeler, 34 NY3d 1134, 1135 [2020][internal quotation marks and citation omitted]).
Defendant's impairment by alcohol was satisfied by allegations that his eyes were watery and bloodshot, his speech was slurred, his breath had an odor of alcohol, he was unsteady on his feet and he refused to take a breathalyzer test (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]). There is no requirement that the accusatory instrument also contain an allegation of erratic driving (see People v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]).
With respect to the second-degree aggravated unlicensed operation of a motor vehicle charge, the elements of the offense, including the suspension of defendant's license three or more times on at least three different dates, and defendant's knowledge or reason to know his license was suspended (see People v Willis,  NY3d , 2025 NY Slip Op 01405, *2 [Mar. 13, 2025, Troutman, J.]; People v Abelo, 79 AD3d 668, 670 [2010]), were satisfied by the sworn allegations of the arresting officer and the certified abstract of defendant's driving record, which established that: defendant's license was suspended seven times on five different dates for failure to answer a summons, and suspended six times on four different dates for failure to pay a fine; and sworn allegations that each summons has printed on it "If you do not answer this ticket by mail within fifteen (15) days, your license will be suspended" (see generally People v Willis, 2025 NY Slip Op 01405 at * 2).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 3, 2025